**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDREW HITAS,

        Petitioner,

vs.                                    Case No.:    3:16-cv-982-J-39JRK
                                                                       3:11-cr-264-J-37JRK

UNITED STATES OF AMERICA,

        Respondent.

## **ORDER**

This case is before the Court on Petitioner Andrew Hitas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] The United States responds that the § 2255 Motion is untimely. (Civ. Doc. 5, Response). Hitas has replied. (Civ. Doc. 6, Reply). Hitas also moved to amend his reply brief (Civ. Doc. 7, Motion to Amend Reply), to which the United States has responded (Civ. Doc. 9; Response to Motion to Amend).[2] Additionally, Hitas filed a "Motion for Judicial Notice in Light of Seventh Circuit Ruling," which the Court accepts as a notice of supplemental authority (Civ. Doc. 11, Notice), and an "Ex Parte Motion for Information Pursuant to Obtaining Sentencing Transcripts and Complete Docket Sheet," (Civ. Doc. 12, Ex Parte Motion). The § 2255 Motion is ripe for a decision.

---

[1]      Citations to the record in the underlying criminal case, United States v. Andrew Hitas, No. 3:11-cr-264-J-37JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-982-J-39JRK, will be denoted as "Civ. Doc. __."

[2]      Hitas also filed a reply to the United States's response to his Motion to Amend Reply. (Civ. Doc. 10). However, the Court did not grant Hitas leave to file this reply brief, as required by Rule 3.01(c), Local Rules, United States District Court, Middle District of Florida. As such, this reply brief is stricken.

1

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Hitas's § 2255 Motion is due to be dismissed.

## I.   Background

On October 20, 2011, a grand jury charged Hitas with two counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts One and Two), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count Three). (Crim. Doc. 1, Indictment). Hitas initially pled not guilty to the charges. (See Crim. Doc. 11; Minute Entry of Arraignment and Detention Hearing).

On December 19, 2011, Hitas pled guilty to Count One of the Indictment pursuant to a written plea agreement. (See Crim. Doc. 21, Minute Entry for Change-of-Plea Hearing; Crim. Doc. 23, Plea Agreement). In exchange, the United States agreed to dismiss Counts Two and Three. Plea Agreement at 3. On March 20, 2012, the Court sentenced Hitas to a term of 84 months in prison, to be followed by a 60-month term of supervised release. (Crim. Doc. 32, Judgment; Crim. Doc. 36, Sentencing Tr. at 21-22). The Court entered judgment on March 22, 2012. Hitas did not file a notice of appeal. More than four years later, on June 18, 2016, Hitas filed the instant § 2255 Motion.

## II.     Discussion

Hitas's § 2255 Motion and Reply are not a model of clarity, but the general argument seems to be that 18 U.S.C. §§ 2252(a)(2) and (b)(1) are void for vagueness under the "far-reaching implications" of Johnson v. United States, 135 S. Ct. 2551 (2015). § 2255 Motion at 1. Hitas further contends that his motion is timely under 28 U.S.C. § 2255(f)(3) because Johnson announced a new rule of law that applies retroactively on collateral review. The United States responds that the § 2255 Motion is untimely because Johnson has no relevance to Hitas's case.

In Johnson, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) "residual clause" is unconstitutionally vague. 135 S. Ct. at 2557.[3] The residual clause defined the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court explained that "[t]wo features of the residual clause conspire to make it unconstitutionally vague": first, the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime" because it "ties the judicial assessment of risk to a judicially imagined ordinary case' of a crime, not to real-world facts or statutory elements"; and second, the residual clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Johnson, 135 S. Ct. at 2557-58.

---

[3]     Under the ACCA, a person convicted of being a felon in possession of a firearm is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e).

3

The child pornography statutes under which Hitas was convicted and sentenced, 18 U.S.C. §§ 2252(a)(2) and (b)(1), do not contain any provisions that remotely resemble the residual clause. Nevertheless, Hitas apparently draws a connection between <u>Johnson</u> and § 2252 based on 18 U.S.C. § 3156(a)(4), which defines the term "crime of violence" for purposes of the laws governing release on bail. Section 3156(a)(4) defines the term "crime of violence" to mean

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117….

18 U.S.C. § 3156(a)(4). Receipt of child pornography is a felony under chapter 110, and thus qualifies as a "crime of violence" under § 3156(a)(4)(C). Meanwhile, Hitas contends that § 3156(a)(4)(B) is unconstitutionally vague because of its resemblance to the residual clause. Thus, Hitas seems to think that because receipt of child pornography is defined as a "crime of violence" alongside language that resembles the residual clause, 18 U.S.C. § 2252 must also be unconstitutionally vague.[4]

Hitas's argument is a non-sequitur. That a statute relating to bail contains language that resembles the residual clause does not suggest that a substantive criminal statute,

---

[4] To the extent Hitas argues that 18 U.S.C. § 3156(a)(4)(B) itself is unconstitutionally vague, this claim is not cognizable under 28 U.S.C. § 2255 because it does not implicate the legality of the conviction and sentence. The claim only implicates the legality of the denial of bail. But "the denial of bail, which does not affect either [the] conviction or sentence, is not ordinarily a cognizable issue in a § 2255 motion." <u>United States v. Prado</u>, No. 2:08-cv-01097-JKS, 2011 WL 2224832, *6 (E.D. Cal. June 7, 2011). <u>See also</u> <u>Kett v. United States</u>, 722 F.2d 687, 690 (11th Cir. 1984) ("claims of excessive bail are not cognizable in a section 2255 action").

4

like 18 U.S.C. § 2252, is unconstitutionally vague. And it certainly does not entitle Hitas to bring a belated claim for relief under Johnson and 28 U.S.C. § 2255(f)(3).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner has a one-year limitations period in which to move to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)), cert. denied, 139 S. Ct. 1168 (2019). However, Hitas's motion is untimely under § 2255(f)(1) because he filed it more than four years after his conviction and sentence became final. Thus, Hitas relies on § 2255(f)(3) to render his motion timely.

As the Eleventh Circuit explained in Beeman,

for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). The issuance of the Supreme Court's Johnson decision meets both of those requirements. The Supreme Court held in Welch that Johnson announced a new rule that is retroactively applicable to cases on collateral review. See [Welch v. United States, 136 S. Ct. 1257, 1268 (2016)].

871 F.3d at 1219. But merely citing Johnson does not make a § 2255 motion timely under

subsection (f)(3). The petitioner must actually assert a claim that falls within the scope of the rule announced in Johnson, i.e., that the ACCA's residual clause is void for vagueness. Thus, "[a] Johnson claim contends that the defendant was sentenced as an armed career criminal under the residual clause…." Id. at 1220 (emphasis added).

Hitas alleges nothing of the sort. Hitas was not sentenced as an armed career criminal, nor was he sentenced under any law that resembles the ACCA's residual clause. Instead, as noted above, Hitas was convicted and sentenced solely for receiving child pornography. Therefore, as the United States rightly argues, Johnson has no relevance to this case and Hitas's claim falls far outside the scope of Johnson's holding. If Hitas wished to challenge 18 U.S.C. § 2252 as unconstitutionally vague, he could and should have done so before he pled guilty, on direct appeal, or in a timely-filed § 2255 motion. But because Johnson is inapplicable, Hitas cannot rely on Johnson to make his § 2255 Motion timely under § 2255(f)(3). As such, Hitas's § 2255 Motion is due to be dismissed as barred by the statute of limitations.[5]

### III. Conclusion

Having considered the parties' filings and arguments, the Court has determined that Hitas's § 2255 Motion is barred by § 2255(f)'s statute of limitations. Accordingly, it is hereby

**ORDERED:**

1. Petitioner Andrew Hitas's Motion to Amend Reply Brief (Civ. Doc. 6) and "Motion for Judicial Notice in Light of Seventh Circuit Ruling" (Civ. Doc. 11), which the Court construes as a notice of supplemental authority, are **GRANTED**. The Court has

---

[5] Moreover, the Court has found no authority supporting Hitas's argument that 18 U.S.C. §§ 2252(a)(2) or (b)(1) are void for vagueness.

considered the amended reply brief and the supplemental authority.

2. Petitioner Andrew Hitas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED** as time-barred.

3. Hitas's "Ex Parte Motion for Information Pursuant to Obtaining Sentencing Transcripts and Complete Docket Sheet" (Civ. Doc. 12) is **DENIED AS MOOT** because the § 2255 Motion is time-barred. However, the Clerk will mail Hitas a copy of the docket sheet along with this Order.

4. The Clerk should enter judgment in favor of the United States and against Hitas, and close the file.

5. If Hitas appeals the denial of his motion, the Court denies a certificate of appealability (COA).[6] Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of June, 2019.

BRIAN J. DAVIS
United States District Judge

---

[6] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

7

lc 19

Copies:
Counsel of record
Petitioner